IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUSTIN ANDERSON                                          PETITIONER

v.                              No. 5:12-cv-279–DPM

RAY HOBBS, Director,
Arkansas Department of Correction              RESPONDENT

## ORDER

1. Justin Anderson is under a death sentence for the capital murder of
Clara Creech.   He petitions for a writ of habeas corpus, making many
arguments.   The Court denies his embedded requests for judgment as a
matter of law or to stay this case while he exhausts state remedies.  The Court
agrees with Hobbs on the pleading points and on the lack of available state
remedies.   Anderson also requests an evidentiary hearing to show that his
procedural default of claims 2, 3, 6, 7, and 10 can be excused under *Trevino v.
Thaler*, 133 S. Ct. 1911 (2013) and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). *№
21 at 10*.  This Court has recently addressed the governing legal standard in
*Kemp v. Hobbs*, No. 5:03-cv-55 at № 107.  The Court incorporates and applies
that law to this record.

**2.** Overwhelming evidence against Anderson exists on the elements of capital murder, *Anderson v. State*, 357 Ark. 180, 163 S.W.3d 333 (2004), and the aggravating factors supporting the death sentence, *Anderson v. State*, 367 Ark. 536, 242 S.W.3d 229 (2006). He broke into a home and stole two guns. Four days later, he came upon a truck driver, Roger Solvey, and shot him several times. Six days after shooting Solvey, Anderson killed Creech, an eighty-seven-year old woman, by shooting her in the back as she was bending down in her yard. Anderson confessed to killing Creech. He then led investigators to a gun. After returning to the jail, he confessed to shooting Solvey and stealing the two guns.

For most of his ineffectiveness claims, Anderson hasn't shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Moreover, *Martinez* and *Trevino* do not apply to Anderson's claims 6 and 7, which involve allegations of ineffective assistance of appellate counsel and ineffective assistance of post-conviction counsel. *See, e.g.*, *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013) (holding that ineffective assistance of post-conviction counsel does not provide cause

-2-

for excusing procedural default of a claim for ineffective assistance of appellate counsel, and noting that 28 U.S.C. § 2254(i) bars a claim of ineffective assistance of post-conviction counsel as a separate ground for relief); *but see Nguyen v. Curry*, 736 F.3d 1287, 1293 (9th Cir. 2013) (holding that *Martinez* allows excuse of procedural default of appellate counsel's ineffective assistance). *Martinez* and *Trevino* do not apply to Anderson's claim 10 of juror misconduct either because Anderson is alleging "ineffective assistance of post-conviction counsel as cause to excuse the default of his claim of ineffective assistance of *appellate* counsel for failure to raise the juror misconduct issue on direct appeal." *Hodges*, 727 F.3d at 531 (emphasis original). The Court denies Anderson's request for a hearing on these excuses for his procedural default.

**3.** Anderson may be able, though, to establish actual prejudice on his procedurally defaulted ineffectiveness claims arising from his alleged mental illness and childhood trauma.   Anderson pleads that he suffers from posttraumatic stress disorder, fetal alcohol spectrum disorder, neuropsychological deficits, mental retardation, and has brain damage.   If Anderson can prove these allegations, then he may have been prejudiced.

-3-

The Court will therefore hold an evidentiary hearing on Anderson's allegations of mental illness, brain damage, and childhood trauma. Based on the evidence received, the Court will decide whether the work of Anderson's trial or sentencing lawyers' was constitutionally ineffective. That decision will determine whether Anderson may present claims 2 & 3 on the merits notwithstanding his failure to develop them in state court.

**4.** The Court sets the following schedule.

- Anderson lists his experts and
  provides their opinions . . . . . . . . . . . . . . . . . . . 3 April 2015

- Hobbs lists his experts and
  provides their opinions . . . . . . . . . . . . . . . . . 22 May 2015

- Anderson lists any rebuttal experts
  and provides their opinions . . . . . . . . . . . . . . 19 June 2015

- Prehearing disclosures
  pursuant to Fed. R. Civ. P. 26 . . . . . . . . . 2 September 2015

- Evidentiary Hearing* . . . . . . . . . . . . . . . . . . 5 October 2015

---

\* If any witness is unavailable for the hearing, his or her testimony should be videotaped.

-4-

So Ordered.

D.P. Marshall Jr.
United States District Judge

28 October 2014