IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JUSTIN ANDERSON                                                                PETITIONER

v.                                          No. 5:12-cv-279-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                                   RESPONDENT

ORDER

1.     Both sides are partly right. Anderson is correct that Kelley's discovery request is belated. Anderson did the discovery he needed early in the case. But for the unexpected continuance of the evidentiary hearing, there would be no time for more discovery. And at the recent status conference, both sides said all needed discovery had been done. Kelley is right, though, that an ineffectiveness claim usually waives the privilege in related materials. *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). The upcoming evidentiary hearing, as everyone knows, is about some of Anderson's ineffectiveness claims. The continuance created some daylight; and Kelley is right that the Court failed to prescribe a discovery cutoff. What seems to have happened is this: With a bit more time to prepare, Kelley has realized that reviewing Anderson's trial lawyers' files before the hearing would be helpful.

With the caveats specified below, there's no prejudice to Anderson. The hearing is a search for the truth. And the trial lawyers' files will indeed help the parties and the Court find it. The files will illuminate the lawyers' thinking, strategy, choices, and omissions. Considering all the material circumstances, Kelley has shown good cause to do this focused discovery under Rule 6(a) of the Rules Governing § 2254 Cases. The Court grants most of Kelley's motion as modified, № 73, and denies one part of it.

2. Anderson must produce his lawyers' (trial, appellate, and Rule 37) file materials that touch and concern in any way the issues to be litigated at the upcoming hearing. Anderson is correct that the Court must guard against any future untoward use of this once-privileged material against Anderson. In general, the Court bars Kelley and the State of Arkansas from using any of the lawyer-file material in any proceeding other than this one. The Court grants Anderson's request for a protective order that will flesh out this general limitation. The parties should collaborate on one, and provide a draft to the Court by 18 December 2015. In the meantime, the Court's general prohibition on any other use will protect Anderson.

3. Anderson says the lawyers' files contain privileged material unrelated to the hearing issues. Given how everything seems to be related somehow to everything else on most ineffectiveness claims, the Court is a bit skeptical. The Court nonetheless authorizes Anderson to prepare a privilege log covering any withheld material. FED. R. CIV. P. 26(b)(5). Anderson must give the log, along with the produced material, to Kelley. Anderson should also file the log under seal and file, as a supporting *ex parte* under-seal exhibit, a copy of all withheld material. The Court will need the documents for an *in camera* review, if Kelley pushes back on any listed but undisclosed item. (Please send a courtesy paper copy of all this to chambers.)

4. The Court rejects without prejudice Kelley's request to depose Marczuk and Gray. First, Kelley already has sworn statements from them. Second, Kelley hasn't shown a particularized need to examine prior counsel before the evidentiary hearing. Third, the Court is a bit concerned about meshing several busy lawyers' schedules at the last minute to hold the requested depositions. If, after reviewing the files, Kelley discerns some particular and critical need for a deposition, then Kelley should promptly renew her motion—if the parties can't sort things out on their own.

5.    Anderson's production due to Kelley by 4 December 2015. Privilege log and *ex parte* under-seal exhibit due by the same date. Draft joint protective order due by 18 December 2015. Kelley's motion, № 73, is mostly granted as modified, and partly denied.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 November 2015